### 47363.   HODGES et al. v. CARPENTER.

HALL, Presiding Judge. Defendants in an action for personal injury and property damage appeal from the judgment and from the denial of their motion for a new trial.

1. Defendants contend the court erred in giving one charge; in failing to give another (unrequested); and in making an alleged prejudicial remark. However, the defendants objected to none of these things at the time and made no motion for a mistrial following the remark. *Code Ann.* § 70-207; *Royal Frozen Foods Co. v. Garrett*, 119 Ga. App. 424 (4) (167 SE2d 400); *Frost v. State*, 92 Ga. App. 614 (89 SE2d 524).

2. One defendant contends she was erroneously prevented from testifying concerning the mental anguish she suffered as a result of a cut knee. Since the verdict on her cross claim was against this defendant on the issue of liability, the exclusion of this evidence, if improper, could not have been harmful. *Davis v. Atlanta Coca Cola Bottling Co.*, 119 Ga. App. 422 (167 SE2d 231).

3. Defendants contend they were not allowed to show a disagreement with the plaintiff over the amount of property damage. Since this "disagreement" concerned settlement negotiations, the court properly ruled it out. *Code Ann.* § 38-408.

4. Defendants further contend the verdict was grossly excessive. We do not believe a verdict of $7,500, when there are special damages of more than $2,000, falls in that category with no showing that it was induced by prejudice, bias or corrupt means. *Holtsinger v. Scarbrough*, 71 Ga. App. 318 (30 SE2d 835).

5. Defendants also contend the court erred in failing to

grant a new trial after it was discovered that one of the jurors had failed to respond upon voir dire to the question whether any of them had been a claimant in an automobile casualty case and that this juror had, in fact, been a claimant in two cases. However, the record discloses that the actual questions were: "Has any prospective juror on this panel ever been a defendant in a lawsuit? Has anybody ever sued—anybody on this panel—for property damages or personal injuries arising out of an automobile accident?"; "Has anybody ever sued anybody for a loss?"; and "Is there anybody else? That was, either sued or been sued?" The record also shows that this juror settled her claims with insurance companies and there is no indication that lawsuits were involved. Her lack of response to the questions as propounded is therefore not misconduct violating defendants' right to information under *Code Ann.* § 59-705 requiring the grant of a new trial.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
ARGUED SEPTEMBER 8, 1972—DECIDED SEPTEMBER 25, 1972— REHEARING DENIED OCTOBER 18, 1972—

*J. Walter Cowart,* for appellants.
*Mullis, Reynolds & Marshall, Gerald S. Mullis,* for appellee.