51107. AYERS v. NICHOLS.

QUILLIAN, Judge.

Appeal was taken by the plaintiff from a judgment entered on a jury verdict awarding her $1,000 damages arising out of an automobile collision. The plaintiff contends the verdict was inadequate and enumerates the following grounds as error. (1) The lower court erred by allowing, over objection, defendant to cross examine plaintiff's husband relative to a separate pending lawsuit by the husband against the defendant. (2) The lower court erred when it charged on comparative negligence since there was no evidence in the record upon which to base such a charge. (3) The lower court erred by entering judgment based upon the verdict of the jury since the verdict in the diminished sum of $1,000 was so small as to justify the inference of undue bias or prejudice against plaintiff. Held:

1. The interest of a witness in the result or outcome of a case may always be considered by the jury in passing upon the credibility of the witness. Detwiler v. Cox, 120 Ga. 638 (48 SE 142); Hallman v. Painters Dist. Council, 203 Ga. 175, 182 (45 SE2d 414). "Proof that witnesses had kindred actions against the defendant was admissible, on cross examination, to affect their credit. A party may show anything which may, in the slightest degree, affect the credit of an opposing witness." McGriff v. McGriff, 154 Ga. 560 (4) and (5) (115 SE 21). Accord, Camp v. State, 31 Ga. App. 737 (8) (122 SE 249); Lightfoot v. Applewhite, 212 Ga. 136 (91 SE2d 37).

The first enumeration of error is without merit.

2. The charge complained of was not timely

objected to and thus can not be the basis of error subject to review. Code Ann. § 70-207 (a & b) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078; *Hodges v. Carpenter,* 127 Ga. App. 358 (1) (193 SE2d 199); *Locklear v. Morgan,* 129 Ga. App. 763 (10) (201 SE2d 163).

3. The evidence did not demand a verdict in excess of that rendered. Hence, the third ground is without merit.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED SEPTEMBER 4, 1975 — DECIDED NOVEMBER 13, 1975.

*Vaughn, Barksdale & Nation, Sidney L. Nation,* for appellant.

*Reed & Friedewald, Raymond M. Reed,* for appellee.