## 59625. WHITMAN v. BURDEN.

CARLEY, Judge.

Appellant, plaintiff below, brought suit for personal injuries sustained by her when her car was struck from behind by an automobile operated by appellee. The jury returned a verdict for the defendant-appellee and the instant appeal is from the judgment entered thereon.

1. Appellant enumerates as error the denial of her motion for judgment n.o.v. as to liability. It does not appear, however, that appellant ever moved for directed verdict as to liability at the close of the evidence. Under Code Ann. § 81A-150 (b) a motion for directed verdict is a condition precedent to a subsequent motion for judgment n.o.v. and, therefore, denial of appellant's latter motion was not error. *Georgia Sou. & Fla. R. Co. v. Blanchard,* 121 Ga. App. 82, 87 (4) (173 SE2d 103) (1970); *Ace Parts &c. Inc. v. First Nat. Bank,* 146 Ga. App. 4, 6 (4) (245 SE2d 314) (1978).

2. Error is enumerated on the trial court's failure to charge, without request, that the burden of proof as to "affirmative defenses" was on appellee. Appellant does not clearly articulate exactly what is meant by "affirmative defenses." She cites, in support of this enumeration, *Stewart v. Mynatt,* 135 Ga. 637, 638 (70 SE 325) (1910), wherein the following instruction was held not to have been erroneously given: "The burden is on the defendants to establish by a preponderance of the testimony that the plaintiff is guilty of any negligence which caused her injuries." Thus, appellant apparently urges that it was error to fail to charge as to appellee's burden of proving the "affirmative defense" of contributory negligence. *Whitehead v. Seymour,* 120 Ga. App. 25 (1) (169 SE2d 369) (1969). "Contributory negligence" as a defense to a tort action in this state is defined in *Whatley v. Henry,* 65 Ga. App. 668, 671 (2) (16 SE2d 214) (1941). We find no error in this regard in the instant case. "While, in a suit in tort . . . 'the burden does not rest on the plaintiff, as part of his case, to show his freedom from negligence, but contributory negligence is matter of defense' [Cits.], it was not incumbent on the court, in the absence of a timely and appropriate written request, to charge that the burden of proving such contributory negligence rested upon the defendant; since contributory negligence by the plaintiff may appear as well from evidence of the plaintiff as that of the defendant, and since it is only when the defendant's negligence has been made to appear by proof that the burden shifts to the defendant to show plaintiff's negligence, if it relies upon this defense." *Jackson v. Merritt Hardware Co.,* 26 Ga. App. 747 (3b) (107 SE 394) (1921). There being no timely and appropriate written

request to charge as to appellee's burden of proving appellant's contributory negligence, no reversible error is shown.

3. Error is enumerated upon the following charge given to the jury: "If you should determine from the evidence the plaintiff failed to exercise ordinary care for her own safety and that failure on her part was the proximate cause of her injuries, she could not recover." It is urged that this instruction was erroneous in that it failed to indicate that appellant's failure to exercise ordinary care for her own safety to bar recovery must be "the *sole* proximate cause" of her injuries. A similar argument was advanced and rejected in *Ware v. Alston,* 112 Ga. App. 627, 632 (3) (145 SE2d 721) (1965). And a review of the charge in the instant case reveals that the jury was in fact given the correct "sole proximate cause" instruction in a subsequent part of the charge. We find no error. *Stanley v. Squadrito,* 107 Ga. App. 651, 652 (8, 9) (131 SE2d 227) (1963).

4. The remaining enumerations of error, addressing the jury charge, cannot be considered. The transcript reveals that no timely objection to the portions of the charge attacked now on appeal was made at trial, "stating distinctly the matter to which he objects and the grounds of his objection . . ." Code Ann. § 70-207 (a). *Atlanta Commercial Bldrs. v. Polinsky,* 148 Ga. App. 181, 184 (5) (250 SE2d 781) (1978).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED MARCH 4, 1980 — DECIDED JUNE 12, 1980 — REHEARING DENIED JUNE 26, 1980 —

*E. Graydon Shuford,* for appellant.
*Edward J. Henning, Arthur L. Myers, Jr.,* for appellee.