S97G0967. ROBINSON v. STAR GAS OF HAWKINSVILLE, INC.
(498 SE2d 524)

HUNSTEIN, Justice.

Annette Robinson died in her home on December 12, 1989, from carbon monoxide poisoning caused by her family's use of a liquid propane gas space heater. In several capacities her husband, Eddie Lee Robinson, sued Star Gas of Hawkinsville, Inc., the liquid propane supplier, as well as the hospital and emergency room physicians who treated the family several nights before Ms. Robinson's death. With regard to the claims against Star Gas, a jury found 51-49 percent negligence against Star Gas and awarded the following damages: $4,157.25 to appellant as surviving spouse; $5,000 to appellant as administrator of Ms. Robinson's estate; $2,096.81 to appellant individually; and $50,000 to each of the Robinsons' three children, such damage awards to be reduced accordingly by the trial court. In his motion for new trial, appellant argued that under OCGA § 51-12-12, the jury's $4,157.25 award to him as surviving spouse was so inadequate that it was inconsistent with the preponderance of the evidence introduced to determine the value of his wife's life. The trial court denied the motion for new trial and in *Star Gas of Hawkinsville v. Robinson,* 225 Ga. App. 594 (484 SE2d 266) (1997) the Court of Appeals affirmed relying on the principle of law that inadequate awards cannot be set aside in comparative negligence cases. Id. at 598. We granted appellant's petition for writ of certiorari to consider whether review of the adequacy of a verdict is precluded as a matter of law in a comparative negligence case.[1] We reverse and remand.

---

[1] The other issue raised on certiorari was whether a trial court may appropriately instruct jurors not to reduce their damage awards in proportion to a plaintiff's negligence,

1. In *McKinney & Co. v. Lawson*, 257 Ga. 222 (4) (357 SE2d 786) (1987), this Court reviewed a purportedly excessive damage award in a case where comparative negligence had been properly argued and charged at trial. The *McKinney* Court explicitly held that comparative negligence awards are subject to review under OCGA § 51-12-12,[2] and reapportioned fault in accordance with the preponderance of the evidence reflected in that record. Although cases decided prior to *McKinney* had held that purportedly inadequate damage awards were shielded from judicial review, those cases stemmed from two differing lines of cases, each which originated from *Flanders v. Meath*, 27 Ga. 358 (1859).[3] Inconsistent interpretations of *Flanders* led to competing theories of review of comparative negligence damage awards within Georgia law. *McKinney* sought to eliminate such variations by clearly including comparative negligence cases within the scope of review under OCGA § 51-12-12.

However, the Court of Appeals subsequently declined to follow the holding in *McKinney* that comparative negligence damage awards were subject to review under OCGA § 51-12-12, on the basis that *McKinney* did not

> authoriz[e] the appellate courts of this State to enter the jury box in each case and interfere with the discretion granted the jury by statutory and case law. Rather, we deem *McKinney* limited to the specific facts therein . . . .

*Simpson v. Reed*, 186 Ga. App. 297, 300 (11) (367 SE2d 563) (1988). See also *Atlanta Gas Light Co. v. Redding*, 189 Ga. App. 190 (5) (375 SE2d 142) (1988). The Court of Appeals' reluctance to follow *McKinney* is nowhere more evident than in the two cases that form the

---

instructing them rather that the court would do so after its verdict is returned. We do not address this issue on certiorari as each party concedes that such a simple, nondiscretionary calculation could be properly performed by trial judges where, as here, a special verdict form has been used.

[2] At the time *McKinney* was first issued, OCGA § 51-12-12 stated that a court "should not interfere with the jury's discretion unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." Although the General Assembly amended this language, see Ga. L. 1987, p. 920, § 7, the amendment did not alter the explicit holding in *McKinney*.

[3] *Anglin v. City of Columbus*, 128 Ga. 469 (57 SE 780) (1907) and *Evans v. Central of Ga. R. Co.*, 38 Ga. App. 146 (142 SE 909) (1928), introduced ambiguity into Georgia's comparative negligence doctrine by re-interpreting *Flanders* years after it had been decided and each articulating different rules regarding review of comparative damage negligence awards. In *Anglin* this Court distinguished *Flanders* as a case that never implicated comparative negligence and then reversed the trial court's denial of the plaintiff's motion for a new trial due to the inadequacy of the verdict. In *Evans* the Court of Appeals distinguished *Anglin* on grounds that *Anglin* did not involve comparative negligence and returned its focus to the rule announced in *Flanders* to deny review of purportedly inadequate damages.

basis for that court's holding in the instant case. In both *Beringause v. Fogleman Truck Lines,* 209 Ga. App. 470 (3) (433 SE2d 398) (1993) and *Palo v. Meisenheimer,* 199 Ga. App. 24 (3) (403 SE2d 881) (1991), the Court of Appeals held that inadequate comparative negligence damage awards are categorically precluded from review under OCGA § 51-12-12. To the extent that these and other Court of Appeals cases have limited the holding in *McKinney* to its facts, such cases are now disapproved because nothing in OCGA § 51-12-12 supports the distinction created by the Court of Appeals between comparative negligence cases and all other cases. *McKinney* thus represents the correct rule. As to the concern regarding appellate court interference with a jury's verdict in a comparative negligence case, that matter was addressed and resolved when the Legislature provided for a new trial "[i]f the jury's award of damages is clearly so inadequate or so excessive as to any party as to be inconsistent with the preponderance of the evidence." OCGA § 51-12-12 (b), Ga. L. 1987, p. 915, § 7. It is thus clear that the appellate court's role is not to "enter the jury box" but to determine whether a trial court's ruling on a motion for new trial in a comparative negligence case was error under OCGA § 51-12-12. See generally *Spence v. Hilliard,* 260 Ga. 107 (389 SE2d 753) (1990).

By reaffirming the rule in *McKinney,* this Court explicitly reiterates our holding that comparative negligence damage awards may be subject to review under OCGA § 51-12-12.[4] We caution, however, that even where comparative negligence is involved, Georgia's courts "should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case." OCGA § 51-12-12 (a). Upon such review, the evidence should be construed " 'in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict.' [Cit.]" *McKinney,* supra at 224 (4). This case is therefore remanded to the Court of Appeals to allow that court to apply the standard set forth in OCGA § 51-12-12 to the verdict.

2. While comparative negligence cases are subject to the same analysis in regard to claims of excessive or inadequate verdicts, the cases do differ from other tort cases should a new trial be necessary. Although OCGA § 51-12-12 (b) provides that upon a party prevailing

---

[4] Many other jurisdictions operate in accordance with the rationale in *McKinney,* treating damage awards returned in comparative negligence cases no differently from those in other tort actions. See, e.g., *Hover v. Clamp,* 579 P2d 1181 (I) (Colo. App. 1978); *Diaz v. Xtra Super Food Ctrs.,* 579 S2d 893 (Fla. App. 1991); *Boudreaux v. Schwegmann Giant Supermarkets,* 585 S2d 583, 589 (La. App. 1991); *DeRoy v. Copp,* 455 A2d 1034 (N.H. 1983); *Iames v. Murphy,* 666 NE2d 1147 (III) (Ohio App. 1995); *Nudelman v. Gilbride,* 647 A2d 233 (Pa. Super. 1994); *Linville v. Moss,* 433 SE2d 281 (W. Va. 1993); *Frayer v. Lovell,* 529 NW2d 236 (Wisc. App. 1995).

on a claim of excessive/inadequate verdict, "the trial court may order a new trial as to damages only," this Court recently recognized in *Bridges Farms v. Blue*, 267 Ga. 505 (480 SE2d 598) (1997) that such "cherry-picking" in a comparative negligence case is not permissible inasmuch as "in a comparative-negligence case, the recovery of damages and the liability of the defendant are issues which are 'inextricably joined.' [Cit.]" Id. Accordingly, when a Georgia court grants a new trial under OCGA § 51-12-12 (b) in a case involving comparative negligence, that trial must necessarily encompass issues of liability and damages. See *Thomas v. Clark*, 188 Ga. App. 606, 608 (1) (373 SE2d 668) (1988). See also *Iames v. Murphy*, 666 NE2d 1147 (III [6]) (Ohio App. 1995); *DeRoy v. Copp*, 455 A2d 1034 (N.H. 1983). On remand, should the Court of Appeals determine that the jury's verdict in this case was inconsistent with a preponderance of the evidence adduced at trial, any new trial must address issues regarding both the negligence of each party and all components of damages.

*Judgment reversed and case remanded. All the Justices concur, except Fletcher, P. J., and Carley, J., who concur in Division 2 and in the judgment.*

DECIDED FEBRUARY 23, 1998.

*W. McMillan Walker,* for appellant.
*Carr, Tabb & Pope, W. Pitts Carr, Render C. Freeman,* for appellee.
*Alvin L. Toliver, Joseph H. King, Jr., James A. Shea, Jr.,* amici curiae.