## A99A0690. HUMPHREYS v. KIPFMILLER.
(515 SE2d 878)

JOHNSON, Chief Judge.

Lisa Humphreys sued Jason Kipfmiller for injuries she allegedly sustained in an automobile collision. The case was tried before a jury and a verdict returned in favor of defendant Kipfmiller. Humphreys filed motions for judgment notwithstanding the verdict and new trial, which the trial court denied. Humphreys appeals. For the reasons set out below, we affirm.

1. This Court has consistently held that a motion for j.n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make it clear that only one judgment would be proper, j.n.o.v. should not be awarded. In considering the motion, both the trial court and the appellate court must view the evidence in the light most favorable to the party who secured the jury verdict. See *U. S. Fidelity &c. Co. v. Paul Assoc.*, 230 Ga. App. 243, 250 (6) (b) (496 SE2d 283) (1998). Applying this standard of review, we find the trial court did not err in denying Humphreys' motion for j.n.o.v.

Construing the evidence in the light most favorable to Kipfmiller, the record shows that Humphreys was a passenger in a car driven by Henry Paulson. Paulson was traveling on a through street, and Kipfmiller was traveling on a side street controlled by a stop sign, approaching its intersection with the through street. The collision occurred when Kipfmiller, having first stopped at the stop sign, turned left onto the through street and into the path of Paulson's car.

While Humphreys alleged the collision was solely due to Kipfmiller's negligence, there was at least some evidence supporting Kipfmiller's position that he acted with due care and was not negligent. Kipfmiller testified that he stopped at the stop sign and proceeded into the intersection only after looking twice for oncoming traffic and determining the intersection was clear. Although Kipfmiller testified that he had been driving all night, he also stated, contrary to Humphreys' allegation, that at the time of the collision he did not feel fatigued.

There was sufficient conflict in the evidence as to causation to warrant sending the issue to the jury. Kipfmiller testified that the cars connected "hard and strong." Paulson testified that the impact was so strong that it literally knocked the front two wheels of Kipfmiller's vehicle out and flat on the ground. He further testified that, even though Humphreys wore a seat belt in the back seat, she hit the back window. While Paulson testified that he was traveling only 25 mph, he also testified that he last looked at his speedometer when he turned onto the through street and started up a hill some

distance away from the intersection.

Since there was evidence Kipfmiller pulled into the intersection after stopping, the force of the impact creates an allowable inference that Paulson's vehicle was moving at a fairly high rate of speed. While the photographs in the record show little damage to the vehicles and are consistent with Paulson's assertion that he was not speeding at the time of the collision, the jury, nevertheless, could have found, based on the testimony of the two drivers that they did not see each other until immediately prior to the collision, as well as their testimony regarding damage to their vehicles, that Paulson was speeding and that the speed of Paulson's vehicle was the sole proximate cause of the collision. The jury could also have concluded that Kipfmiller complied with OCGA § 40-6-72 (b), momentarily gaining the right of way to enter the intersection, and that Paulson's speed was the proximate cause of the collision. See *Flournoy v. Brown*, 226 Ga. App. 857 (1) (487 SE2d 683) (1997).

We disagree with Humphreys' argument that she, as a guest passenger, was entitled to j.n.o.v. because the evidence demanded a finding that Kipfmiller was solely or at least partially responsible for the collision. Unlike *Moore v. TCI Cablevision*, 235 Ga. App. 796 (510 SE2d 96) (1998), where we reversed a jury verdict for the defendants in a suit brought by the guest passenger, Humphreys sued only one driver in this case. Here, the jury had three options: (1) it could have concluded that both drivers violated the law and the negligence of each driver was a contributing proximate cause of the collision; (2) it could have concluded that Kipfmiller breached his duty under the law and was the sole proximate cause of the collision; or (3) it could have concluded that Kipfmiller did not breach his duty under the law and that Paulson's speed was the sole proximate cause of the collision. While the evidence supporting the last option was not overwhelming, there was evidence to support the jury's conclusion that Paulson's negligence was the sole proximate cause of the collision. Except in plain, palpable and indisputable cases, all questions of negligence, contributory negligence, cause and proximate cause, and whose negligence constituted proximate cause of an injury are for the jury. And, on appeal the evidence is to be construed to sustain, rather than destroy, the verdict, for every presumption and inference is in its favor. See *Roberts v. Dove*, 234 Ga. App. 853, 854 (1) (508 SE2d 213) (1998). Under the standard of review which applies in this case, the evidence was sufficient to justify the trial court's denial of Humphreys' motion for j.n.o.v.

2. Humphreys alleges the trial court erred by denying her motion for new trial. This motion was based on the claim that the trial court erred in giving the following charge to the jury: "I further charge you that the Defendant has no duty to yield the right of way if

you find that the Defendant, after stopping and looking, could not see the automobile in which the Plaintiff was riding as the Defendant entered the roadway."

This charge was adopted in *Simpson v. Reed*, 186 Ga. App. 297 (367 SE2d 563) (1988), overruled on other grounds, *Robinson v. Star Gas of Hawkinsville*, 269 Ga. 102, 103-104 (1) (498 SE2d 524) (1998). Humphreys argues that the trial court erred in giving this charge because the *Simpson* case involves OCGA § 40-6-73 and the present case deals with OCGA § 40-6-72. We disagree.

OCGA § 40-6-72 mandates that a driver approaching a stop sign must, after stopping, yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways. OCGA § 40-6-73 mandates that a driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed. In *Simpson*, as in this case, the trial court merely gave the limiting instruction to explain the extent of the duty imposed upon a driver before entering a roadway. Just as the charge in *Simpson* explained why the duty created by OCGA § 40-6-73 might not have been breached under the facts in that case, the charge given by the trial court here explained why the duty created by OCGA § 40-6-72 might not have been breached under the evidence in this case. Both statutes impose a duty upon drivers who are about to enter a roadway; the charge is merely an attempt to instruct jurors to use their common sense in determining whether the driver satisfied the duty required by the statute. It would be illogical to allow a driver entering a roadway from a private drive to proceed in spite of a car that is not visible but not allow a driver who stopped at a stop sign to proceed under the same circumstances.

In discussing the extent of the duty required by OCGA § 40-6-72, we have previously held:

> The plain and unambiguous language of this statute reveals that the legislature intended that preference of right of way would remain in the driver of a vehicle, being operated on a through street or highway, when such vehicle is in the intersection or is approaching the intersection under conditions which would constitute an immediate hazard to any vehicle attempting to enter the same intersection from a roadway controlled by a stop sign. Implicit within this language, however, is the legislature's continued intent that the driver of a vehicle, being operated on a roadway controlled by a stop sign, may momentarily gain preference of right of way when,

after having come to a complete stop at the stop sign and having diligently looked for oncoming traffic enters safely into the intersection. Any other statutory interpretation would lead to the absurd result that a driver legitimately stopped at a stop sign could never, under any circumstance, momentarily gain the right of way to cross the intersection. Statutory construction must square with common sense and reasoning.

(Citation and emphasis omitted.) *Flournoy*, supra at 858 (1).

Even assuming Kipfmiller violated OCGA § 40-6-72, Humphreys' argument that this violation removes the issue of Paulson's negligence from the jury lacks merit. Humphreys' interpretation of OCGA § 40-6-72 would remove the issue of proximate cause from the jury. Negligence per se is not liability per se. Negligence per se is actionable negligence only where it is the proximate cause of the plaintiff's injuries. See *Sumner v. Otasco, Inc.*, 175 Ga. App. 177 (333 SE2d 28) (1985). Proximate cause is for the jury to decide. See *DeKalb County Hosp. Auth. v. Theofanidis*, 157 Ga. App. 811 (278 SE2d 712) (1981). An interpretation such as the one propounded by Humphreys, taken to its extreme, would result in an exiting automobile being absolutely liable for a collision, even if such vehicle exited onto a street at night and collided with a speeding vehicle which had its lights off. The instruction at issue was a correct statement of the law.

Contrary to Humphreys' argument, the *Simpson* charge does not eliminate the legal duty imposed by OCGA § 40-6-72 upon a driver approaching a stop sign. The case of *Strong v. Palmour*, 113 Ga. App. 750 (149 SE2d 745) (1966), cited by Humphreys as controlling authority, is clearly distinguishable. In *Strong*, the trial court charged both the stop sign statute and another statute which generally stated that " '[t]he driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.' " Id. at 751. We held that it was error to charge the general statute when the intersection was controlled by a stop sign. A charge containing two distinct propositions directly conflicting with each other is likely to leave the jury so confused that they cannot render an intelligent verdict. Id. at 754.

Here, the trial court did not charge two distinct, conflicting propositions. The jury was not given two different charges regarding which vehicle had the right of way. Rather, the trial court gave the *Simpson* charge to explain the extent of Kipfmiller's duty under OCGA § 40-6-72, the stop sign statute. Humphreys argues that the trial court did, indeed, charge the jury on both OCGA §§ 40-6-72 and 40-6-73 because the *Simpson* charge is inseparable from OCGA § 40-

6-73. However, the language of the case shows otherwise:

> Nor do we find merit in appellant's argument that the trial court erred by instructing the jury that appellee had no duty to yield the right-of-way if the jury found that appellee, after stopping and looking, could not see appellant's automobile as he entered the roadway. The jury was authorized to find that appellant's automobile was not visible to appellee as he entered the roadway and thus a charge indicating the possible inapplicability of OCGA § 40-6-73 under such circumstances was adjusted to the evidence.

*Simpson*, supra at 299 (9).

We must now consider whether there existed any evidence, direct or circumstantial, to support the giving of this charge. See *Flournoy*, supra at 859. Kipfmiller testified that he stopped at the stop sign, looked twice for oncoming cars and proceeded into the intersection only when he knew it was clear. The parties disagree as to whether a bush obstructed Kipfmiller's view of the roadway or whether evidence regarding the existence of the bush was introduced. However, there is no dispute that Paulson did not see Kipfmiller as Paulson approached the intersection and that Paulson crested a hill prior to reaching the intersection. In Division 1, we pointed out that there is evidence from which a rational trier of fact could conclude that Paulson was speeding at the time of the collision. The evidence was sufficient to warrant the charge at issue. "To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it." (Citations and punctuation omitted.) Id. Under the circumstances of this case, whether Kipfmiller knew or should have known that Paulson's vehicle was so close as to pose an immediate hazard was a question of fact for jury determination. See *Flournoy*, supra at 860; *Bowens v. State*, 116 Ga. App. 577 (1) (158 SE2d 420) (1967).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 8, 1999 — 

*Wall & Noonan, Douglas T. Noonan, Patrick J. Gibbs*, for appellant.

*Downey & Cleveland, Russell B. Davis*, for appellee.