## A02A1492. DUBBERLY v. COOPER.
### (573 SE2d 442)

RUFFIN, Presiding Judge.

Harold Dubberly sued Constance Cooper, alleging her negligence caused an automobile collision between the two. Following trial, a jury found in favor of Cooper. In his sole enumeration of error, Dubberly argues that the trial court erred in charging the jury on Cooper's duty to yield the right of way. Finding no error, we affirm.

The evidence at trial showed that when the collision occurred, Cooper was attempting to turn left, across three oncoming lanes, into a mall parking lot. There was heavy traffic in the two oncoming lanes nearest Cooper, but cars in those two lanes had stopped to allow Cooper to make the turn, and the drivers had "beckoned [her] to come on." According to Cooper, there was no traffic in the third oncoming lane, and, after the other drivers had signaled her that it was safe to make the turn, she "looked and . . . didn't see anyone" in the third lane. As she was crossing the third lane into the parking lot entrance, however, Dubberly's vehicle, which was traveling in the third lane, struck her broadside. The impact caused Cooper's car to spin around, and it ended up in a nearby flower bed. The collision totaled Cooper's car. Dubberly testified that he did not know how fast he was driving at the time of the collision, but that he was about 65 feet away from Cooper's car when he first noticed it crossing his lane.

Dubberly sued Cooper for negligence, and at trial the court instructed the jury that a driver's duty to yield the right of way is established under OCGA § 40-6-71, "which provides in pertinent

---

[6] *Duckworth,* supra.
[7] See id.

part: The driver of a vehicle intending to turn to the left within an intersection or private road or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection, or so close so as to constitute an immediate hazard." The court further charged the jury that it could "find that the defendant did not violate this code section and did not fail to yield the right-of-way to the plaintiff if you, the jury, find the defendant, after stopping and carefully looking, could not have seen the plaintiff's oncoming vehicle as defendant proceeded across [the oncoming lane]."

On appeal, Dubberly contends that the court erred in giving the latter charge because it was unsupported by the evidence. He argues that the evidence showed that Cooper's view was obstructed by traffic, and that, if she had simply waited for the traffic to pass, she would have had an unobstructed view and could have safely made the turn. Thus, he contends, Cooper was not careful and was not entitled to the benefit of the charge. We disagree.

Dubberly's argument ignores his own testimony that he was approximately 65 feet away when he saw Cooper's car enter the intersection and Cooper's testimony that, after being signaled to make the turn by other drivers, she looked in Dubberly's lane and did not see any oncoming cars. The Code section which defined Cooper's duty to yield did not *absolutely* preclude her from crossing the oncoming lane if there was any traffic in the lane.[1] Rather, the statute merely prohibited Cooper from making the turn if there was an oncoming vehicle "within the intersection or so close thereto as to constitute an immediate hazard."[2] Cooper's testimony allowed the jury to consider whether she satisfied her duty by looking and not seeing any oncoming vehicles, and the court's charge was "merely an attempt to instruct jurors to use their common sense in determining whether [Cooper] satisfied the duty required by the statute."[3]

> To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate pro-

---

[1] See OCGA § 40-6-71; see also *Humphreys v. Kipfmiller*, 237 Ga. App. 572, 574-575 (2) (515 SE2d 878) (1999) (discussing similar duty imposed under OCGA § 40-6-72).

[2] OCGA § 40-6-71.

[3] *Humphreys*, supra at 574; see also *Simpson v. Reed*, 186 Ga. App. 297, 299 (9) (367 SE2d 563) (1988) (decided under similar Code section defining right of way for cars entering or crossing roadways and holding that "[t]he jury was authorized to find that appellant's automobile was not visible to appellee as he entered the roadway and thus a charge indicating the possible inapplicability of OCGA § 40-6-73 under such circumstances was adjusted to the evidence"), overruled on other grounds, *Robinson v. Star Gas of Hawkinsville*, 269 Ga. 102, 103-104 (1) (498 SE2d 524) (1998).

cess of reasoning can be carried on in respect to it. Under the circumstances of this case, whether [Cooper] knew or should have known that [Dubberly's] vehicle was so close as to pose an immediate hazard was a question of fact for jury determination.[4]

We find no error and thus affirm the judgment below.[5]

*Judgment affirmed. Barnes, J., and Pope, Senior Appellate Judge, concur.*

DECIDED OCTOBER 29, 2002.

*Tolbert & Elrod, Scott R. Tolbert, Christopher D. Elrod,* for appellant.
*Barrow & Sims, R. Stephen Sims,* for appellee.

---

[4] (Citations and punctuation omitted.) *Humphreys,* supra at 576.
[5] See id.; *Simpson,* supra.