## A02A1788. CRITSER et al. v. McFADDEN.
### (578 SE2d 222)

MILLER, Judge.

Debra Critser and her husband sued Dr. Isaac McFadden,[1] alleging, among other things, that he was negligent in performing lumbar sympathetic blocks on Mrs. Critser. A jury trial resulted in a defense verdict. The Critsers appeal, alleging two instances in which the court erred in charging the jury. For the reasons set forth below, we affirm.

The evidence showed that between September and December 1994, Dr. McFadden performed four lumbar sympathetic blocks on Debra Critser to relieve pain in her knee. The procedure involved injecting anesthetic solution near the spine, producing a "block" to chronic pain. After each of the four injections, Mrs. Critser experienced temporary numbness from the waist down and severe groin pain. In February 1995, several months after the last injection, Mrs. Critser began to suffer from a flaccid bladder. Beginning in March 1995, Mrs. Critser received additional lumbar sympathetic blocks from another physician. In that same month, Mrs. Critser began to suffer from saddle numbness. The Critsers sued Dr. McFadden for negligence, breach of contract, fraud, and loss of consortium.

1. The Critsers argue that the court erred in charging the jury on hindsight. The court instructed the jury as follows:

> In a medical malpractice action, a defendant cannot be found negligent on the basis of an assessment of a patient's condition which only later in hindsight proved to be incorrect so long as the initial assessment was made in accordance with reasonable standards of medical care. In other words, the concept of negligence does not include hindsight. Negligence consist[s] of not foreseeing and guarding against that which is probable and likely to happen, not against that which is only remotely and slightly possible.

An instruction is appropriate where there is any evidence, however slight, on which to predicate it. *Holt v. Scott*, 226 Ga. App. 812, 815 (2) (487 SE2d 657) (1997); *Flournoy v. Brown*, 226 Ga. App. 857, 860 (2) (487 SE2d 683) (1997). "The hindsight charge becomes appropriate in a medical malpractice case where the evidence raises an issue as to whether the negligence claim is based on later acquired knowledge or information not known or reasonably available to the defendant physician at the time the medical care was rendered."

---

[1] The Critsers also sued Kennestone Hospital at Windy Hill and Promina Windy Hill Hospital, but subsequently dismissed these parties from the action.

(Citation and punctuation omitted.) *Horton v. Eaton*, 215 Ga. App. 803, 807 (4) (452 SE2d 541) (1994). Here Dr. McFadden testified that he did not know about the unusual saddle numbness Mrs. Critser experienced, and that if he had, he would have made a decision about whether or not to proceed further and would not have allowed Mrs. Critser to be discharged. As there was some evidence to support a charge on hindsight, the court correctly instructed the jury on this principle of law. See id. at 807 (4).

2. The Critsers contend that the trial court erred in its charge to the jury on the elements of negligence. The court instructed the jury as follows:

> First, you should consider the question of negligence or whether the defendant departed from the standard of care, as I will explain that phrase to you. If you find that the defendant did not depart from the applicable standard of care, then you should go no further and you would return a verdict in favor of the defendant. If you find that the defendant departed from the standard of care, you would then consider the second question. That question is whether the acts or omissions departing from the standard of care proximately caused the damages the plaintiff is claiming. I will instruct you further on the meaning of proximate cause. If you find that the alleged negligent acts or omissions of the defendant were not the proximate cause of the damages claimed, then you would go no further and you would return a verdict in favor of the defendant. If you find that the defendant acted negligently and that those negligent acts or omissions proximately caused the damages claimed, you should then consider the third issue, which is the amount of damages.

The Critsers claim that this charge impermissibly negated the strong circumstantial evidence presented by instructing the jury to consider the elements of negligence in a particular order. We do not see how this instruction had such an effect. "In order to maintain a cause of action for ordinary or professional negligence, a plaintiff must prove the following elements: (1) a legal duty to conform to a standard of conduct; (2) a breach of this duty; (3) a causal connection between the conduct and the resulting injury; and (4) damage to the plaintiff." (Citations omitted.) *Johnson v. American Nat. Red Cross*, 253 Ga. App. 587, 591 (2) (569 SE2d 242) (2002). Indeed, if one of the elements is not proven, there is no need to go further, as each element is necessary to establish a claim. The fact that the court instructed the jury to consider the first element first did not force the

jury to negate certain circumstantial evidence, but rather allowed them to make a determination of whether the evidence established the first element before moving to the next. It would be nonsensical for a jury to consider proximate cause or damages if it had not first considered whether there was a duty or a breach of that duty, and we see no authority requiring that a jury consider one element in conjunction with another. As we discern no error in the court's charge to the jury, this enumeration is without merit.

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 11, 2003 —

*Lamar, Archer & Cofrin, Robert C. Lamar, David W. Davenport,* for appellants.

*Love, Willingham, Peters, Gilleland & Monyak, Daryll Love, Michael J. Hannan III, Julye M. Johns,* for appellee.