A04A0308. DRISCOLL v. WALTERS.
(600 SE2d 744)

MILLER, Judge.

In this personal injury and property damage suit arising out of an automobile accident, John Driscoll appeals from a jury verdict against him, contending the trial court improperly charged the jury on Christy Walters' duty to yield. We discern no error and affirm.

The evidence submitted at trial shows that the accident occurred in a center median or turn lane surrounded by two lanes of north-bound traffic and two lanes of southbound traffic. When Walters tried to exit a Kroger parking lot to travel north, the southbound lanes were backed up and two drivers waved her through to the center lane. When the front end of Walters' car entered the center lane, it was hit by Driscoll's car, which was traveling south in the center lane. Walters never saw Driscoll, and the impact was her first notice that another car was in the center lane. She admitted that she could not have seen him approaching because the traffic on her left was backed up. She agreed that she "pulled out anyway" and "took a chance." Finally, she admitted that she could have avoided the accident by using an alternate exit with a traffic light or waiting until the backed-up traffic cleared with a light change.

An eyewitness to the accident testified that Driscoll was traveling too fast in the center lane, approximately 30 mph, and that she "felt he was in the turning lane way too early because [she] couldn't see anywhere he could have been turning to be in the lane that early. . . ." Driscoll testified that he intended to turn left into a Texaco convenience store to buy milk. The next intersection, however, was the street on which he would turn left to go home. A Texaco employee testified that Driscoll purchased milk at the store every day. Evidence submitted during trial showed that Driscoll may or may not have entered the center lane more than 300 feet from the location where he

would have turned in violation of OCGA § 40-6-126.[1] Driscoll testified that he was going 20-25 mph at the time of the accident. The posted speed limit was 45 mph.

Walters subsequently sued Driscoll for property damage to her car and Driscoll counterclaimed for property damage to his car, as well as personal injuries he received in the accident. At the conclusion of the trial, the court gave the following charge over Driscoll's objection to the emphasized language:

> The driver of a vehicle has the right to assume that others using the roadways will obey the rules of the road. Georgia Code Annotated section 40-6-73 is interpreted to require a driver entering a roadway to yield to an illegally approaching vehicle only where the driver of the entering vehicle has knowledge of the illegal approach of that vehicle, so as to embody the doctrine of last clear chance, *since the statute is otherwise construed to place no duty on the driver entering the roadway to yield to even properly approaching vehicles if the approaching vehicles are not visible to the driver of the entering vehicle.*

(Emphasis supplied.) Driscoll objected on the ground that the charge was based on language in this Court's plurality opinion in *Harrison v. Ellis*, 199 Ga. App. 199 (404 SE2d 348) (1991) (physical precedent only), and that it would confuse the jury into thinking that Walters had no liability if she did not see Driscoll approaching. The trial court rejected Driscoll's objection. The trial court also charged the jury on proximate cause, ordinary care for one's own safety, equal negligence, avoidance of consequences, and comparative negligence.

During deliberations the jury asked for several clarifications of the law. One of these questions sought clarification of the emphasized portion of the charge to which Driscoll objected in relation to a motorist's general duty to yield to all approaching vehicles when entering a roadway from any place other than another roadway. The trial court responded, over Driscoll's objection, "The driver of a motor vehicle has the duty to exercise ordinary care in looking out for approaching vehicles." The jury then asked, "Are you relieved of *your responsibility* to yield to traffic crossing over 3 lanes to turn lanes [sic] if your vision is so impaired that you can't see?" (Emphasis in original.) The trial court responded, "No." The jury then asked another question about the objectionable charge. "Please explain

---

[1] This Code section prohibits drivers from entering a center turn lane more than 300 feet from the location of where the driver will turn.

obligation of plaintiff [Walters] in relation to 'no duty on the driver entering the roadway to yield to even properly approaching vehicles *are not visible to the driver of the entering vehicle.*' " (Emphasis in original.) The trial court answered that this phrase "means that a driver cannot be expected to yield to that which she or he does not see. But the *primary duty* of a driver is to *look out* for approaching vehicles *before entering the roadway.*" (Emphasis in original.)

After asking questions about the parties' legal duties, the jury asked the following questions about damages and the form of its verdict:

> [I]f the jury feels that both parties have some responsibility (possibly unequal) can an award/judgment be made to both parties . . . in ratio to the determined responsibility percentage?
>
> If we determine . . . equal negligence . . . *[h]ow* do we denote a verdict?

(Emphasis in original.) After the trial court accurately answered these questions, the jury returned a verdict denying a recovery to both parties, consistent with the instructions from the trial court regarding what the jury should do in the event it found equal negligence by the parties.

Driscoll appeals from this verdict,[2] contending that the trial court erred in giving a charge based on language in *Harrison*, supra, a physical precedent case, and that this charge confused the jury. While it is true that *Harrison* is physical precedent only,[3] the real issue is whether the trial court properly charged the jury. The trial court charged the jury on Walters' duty to yield codified in OCGA § 40-6-73, which provides that "[t]he driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed."

The objected-to language of the charge comes from the following dicta in *Harrison*:

> We interpret the language in *Munday* [*v. Brissette*, 113 Ga. App. 147, 160 (10) (148 SE2d 55) (1966), rev'd on other grounds, *Brissette v. Munday*, 222 Ga. 162 (149 SE2d 110) (1966)], to mean that OCGA § 40-6-73 requires a driver

---

[2] Walters has not appealed from the verdict denying her a recovery against Driscoll.

[3] See Court of Appeals Rule 33 (a).

entering a roadway to yield to an illegally approaching vehicle only where the driver of the entering vehicle has knowledge of the illegal approach of that vehicle, so as to embody the doctrine of last clear chance, see generally *Lovett v. Sandersville R. Co.*, 72 Ga. App. 692, 695-698 (1) (34 SE2d 664) (1945), since the statute has otherwise been construed to place no duty on the driver entering the roadway to yield to even properly approaching vehicles if the approaching vehicles are not visible to the driver of the entering vehicle. See *Simpson v. Reed*, 186 Ga. App. 297, 299 (9) (367 SE2d 563) (1988)[, overruled on other grounds, *Robinson v. Star Gas of Hawkinsville*, 269 Ga. 102, 103 (1) (498 SE2d 524) (1998)].

199 Ga. App. at 201. While this language is dicta, the case cited for this proposition, *Simpson v. Reed*, supra, 186 Ga. App. at 299 (9), involves a jury charge on the duty to yield when the approaching vehicle cannot be seen. In *Simpson*, we held:

Nor do we find merit in appellant's argument that the trial court erred by instructing the jury that appellee had no duty to yield the right-of-way if the jury found that appellee, after stopping and looking, could not see [the] appellant's automobile as he entered the roadway. The jury was authorized to find that appellant's automobile was not visible to appellee as he entered the roadway and thus a charge indicating the possible inapplicability of OCGA § 40-6-73 under such circumstances was adjusted to the evidence.

Id. Thus, if a driver exercises ordinary care and *still* cannot see an approaching vehicle, there is no duty to yield.

In this case, the evidence showed that Walters failed to exercise ordinary care when she pulled out blindly into the center lane. As a result, the objectionable portion of the trial court's charge may not have been appropriate in this case. However, "[i]t is a fundamental rule that jury instructions must be considered as a whole in determining whether there was error in the charge. [Cits.]" *Barham v. Levy*, 228 Ga. App. 594, 595 (1) (492 SE2d 325) (1997). An examination of the entire charge and the trial court's response to the jury's questions in this case shows that the court correctly instructed the jury on Walters' duty to exercise ordinary care while looking for approaching vehicles before exiting the parking lot. The trial court informed the jury that a driver is *not* relieved of the responsibility of yielding just because the driver's vision is so impaired that she cannot see. It also instructed the jury that "the *primary duty* of a driver is to

*look out* for approaching vehicles *before entering the roadway.*" (Emphasis in original.) Moreover, the jury's verdict demonstrates that it understood Walters' duty to yield because it found her equally negligent with Driscoll. No harm to Driscoll could have resulted from the trial court's charge because the jury found that Walters failed to exercise ordinary care.

Finding no harmful error, we affirm the judgment below.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 4, 2004.

*Robertson, Bodoh & Nasrallah, Mathew G. Nasrallah,* for appellant.

*Sharon W. Ware & Associates, Charles E. Pinkard, Jr., Bridges, Ormand & Faenza, Victor J. Faenza, McLanahan & Comolli, John M. Comolli,* for appellee.