## A04A1910. PRESSWOOD v. WELSH.

(610 SE2d 113)

MILLER, Judge.

Thomas Presswood, who was injured in an automobile accident, appeals from the denial of his motion for new trial after the jury returned a verdict in favor of Victoria Welsh, who was driving the other car. We find no error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that after stopping in the middle of a large and busy intersection beneath a flashing red light, and after inching out to check approaching traffic on her right, Welsh attempted to cross the rest of the street. Her car then collided with Presswood's, which was proceeding through a flashing yellow light at 30 to 35 mph. Welsh testified that she could not see Presswood because another car was obstructing her view of traffic coming from the right. Presswood acknowledged that several vehicles were stopped ahead and to the left of him in the intersection's left-turn lane. Presswood sustained injuries in the crash, and brought an action alleging that Welsh's negligent failure to yield was the proximate cause of his injuries.

A jury returned a verdict in Welsh's favor. Presswood then filed a motion for new trial, which was denied. On appeal, Presswood argues that the trial court erred (1) in giving an instruction to the effect that Welsh gained the right of way after stopping, looking, and failing to see oncoming traffic; (2) in giving a comparative negligence instruction; (3) in denying Presswood's motion in limine to exclude evidence that Welsh faced a second lawsuit arising from the same collision; and (4) in denying his motion for a new trial on the ground that the verdict was contrary to the weight of the evidence.

1. Presswood first argues that the trial court erred in its charge concerning a defendant's gaining of the right of way after diligently looking for oncoming traffic. We disagree.

At Welsh's request, the trial court read the following charge to the jury:

> The defendant has no duty to yield the right-of-way if you find that the defendant, after stopping and looking, could not see the automobile in which the plaintiff was riding as the defendant entered the roadway. A driver may momentarily gain preference of the right-of-way when, after having come to a complete stop and having diligently looked for oncoming traffic, [she] enter[s] safely into the intersection.

This charge was taken from a series of decisions construing OCGA § 40-6-72 (b), which provides that after stopping at a stop sign, a driver "shall yield the right of way to any vehicle in the intersection

or approaching on another roadway so closely as to constitute an immediate hazard. . . ." Id.; see generally *Humphreys v. Kipfmiller*, 237 Ga. App. 572, 573-576 (2) (515 SE2d 878) (1999); *Flournoy v. Brown*, 226 Ga. App. 857, 857-859 (1) (487 SE2d 683) (1997); see also *Andrews v. Buckner*, 143 Ga. App. 862, 866 (240 SE2d 266) (1977) (malfunctioning red light has same effect as stop sign).

The rationale common to both *Humphreys* and *Flournoy* is that a driver who has come to a complete stop and looked diligently for oncoming traffic "may momentarily gain preference of right of way," and that any other interpretation "would lead to the absurd result that a driver legitimately stopped at a stop sign could never, under any circumstance, momentarily gain the right of way to cross the intersection." *Humphreys*, supra, 237 Ga. App. at 574-575 (2), citing *Flournoy*, supra, 226 Ga. App. at 858 (1); *Dubberly v. Cooper*, 258 Ga. App. 193, 194-195 (573 SE2d 442) (2002); see also *Driscoll v. Walters*, 267 Ga. App. 688, 691 (600 SE2d 744) (2004) ("if a driver exercises ordinary care and *still* cannot see an approaching vehicle, there is no duty to yield") (emphasis in original). Considering the jury charge as a whole, as we must, and given the court's instruction immediately following that a driver of a vehicle about to enter or cross a roadway "shall yield the right-of-way to all vehicles approaching on the roadway to be entered or crossed," the court's charge was not erroneous. See *Driscoll*, supra, 267 Ga. App. at 691-692 (sustaining charge despite questions from the jury concerning defendant's duty to yield); *Barham v. Levy*, 228 Ga. App. 594, 595 (1) (492 SE2d 325) (1997) (jury charge must be taken as a whole on appeal).

Moreover, the question whether Welsh knew or should have known that Presswood's vehicle was so close as to pose "an immediate hazard" was a question of fact for the jury. See *Humphreys*, supra, 237 Ga. App. at 576 (2); *Flournoy*, supra, 226 Ga. App. at 860 (1); *Driscoll*, supra, 267 Ga. App. at 691-692; *Dubberly*, supra, 258 Ga. App. at 194-195.

2. In response to a question from the trial court regarding whether he had any exceptions to the charges, Presswood objected only to the charge on right of way, and said: "Otherwise, [the charge] was fine, Your Honor. No objection." Since Presswood affirmatively represented that he had no objection to the charge on comparative negligence, he has waived any challenge to this charge on appeal. See *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 235-236 (2) (547 SE2d 637) (2001), aff'd, 275 Ga. 145 (563 SE2d 116) (2002); *Levine v. Choi*, 240 Ga. App. 384, 386 (2) (522 SE2d 673) (1999); *Whitman v. Burden*, 155 Ga. App. 67, 68 (4) (270 SE2d 235) (1980).

3. Just before the jury was brought in, Presswood moved to exclude any testimony from Welsh's passenger referring to her own lawsuit against both parties arising from the same accident on the

ground that such testimony would be prejudicial and confusing to the jury. The court denied Presswood's motion and allowed Welsh to elicit the passenger's testimony on the subject. Presswood now claims that the trial court's ruling was in error. We disagree.

Whatever the parties may speculate as to the effect of the passenger's testimony as to her suit against them, two principles rule here. First, "[t]he interest of a witness in the result or outcome of a case may always be considered by the jury in passing upon the credibility of the witness." (Citation omitted.) *Ayers v. Nichols*, 136 Ga. App. 532 (1) (221 SE2d 835) (1975); see also OCGA § 24-4-4. Second, when disputed evidence is admissible for any reason, a trial court does not abuse its discretion in denying a motion in limine and admitting it. *Hand v. Pettitt*, 258 Ga. App. 170, 173 (1) (b) (573 SE2d 421) (2002) (no error in denying motion in limine regarding parties' prior and subsequent difficulties concerning use of road).

The jury was free to interpret the passenger's testimony in favor of or against both Presswood and Welsh. There was no error in allowing the jury to consider evidence of this witness's interest in these proceedings in the form of testimony concerning her pending suit arising from the same event. *Ayers*, supra, 136 Ga. App. at 532 (1).

4. Since the court did not err in its charges or in its denial of Presswood's motion in limine, and since there was evidence to support the jury's verdict in favor of Welsh, Presswood's motion for a new trial was properly denied. See *Humphreys*, supra, 237 Ga. App. at 576 (2); *Ayers*, supra, 136 Ga. App. at 533 (3).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 28, 2005.

*Andersen, Tate, Mahaffey & McGarity, J. Michael McGarity, Robert M. Reeves, Kimberli C. Withrow*, for appellant.
*Harvey G. Berss*, for appellee.