### A90A0816. LATARGIA v. TOOLE.
(396 SE2d 607)

COOPER, Judge.

In this case, which arises out of an automobile accident, the jury returned a verdict in favor of appellee. On appeal, appellant's sole enumeration of error is that the trial court erred in expressing an opinion to the jury as to which vehicle had the right-of-way.

The evidence adduced at trial shows that appellant's vehicle had exited a private driveway and was attempting to cross a five-lane highway, which consisted of two westbound lanes and two eastbound lanes divided by a center turn lane, when it collided with appellee's vehicle, travelling west in the center turn lane. Appellant sued appellee for personal injuries contending that appellee caused the accident by improperly entering the center turn lane and failing to keep a proper lookout ahead. During its deliberations, the jury requested a re-charge on the right-of-way law. The trial court re-charged the jury in accordance with OCGA § 40-6-73 that "the driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the

roadway to be entered or crossed." After the re-charge, the following dialogue took place between the court and one of the jurors:

"A JUROR: May I ask you a question, Your Honor?

"THE COURT: Yes sir.

"THE JUROR: Does that mean that the first person crossing into the center lane is the valid person who has the right of way?

"THE COURT: Pardon.

"THE JUROR: The first person that crosses that yellow line into the suicide lane, is that the person that is considered to have the right of way?

"THE COURT: In this particular case traffic traveling [sic] east and west on Washington Road would be traffic that had the right of way — if that answers your question.

"THE JUROR: Thank you."

Approximately five minutes after the jury returned to deliberate, a verdict was reached in favor of appellee.

OCGA § 9-10-7 provides: "It is error for any judge, during the progress of any case, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved." Appellee contends that no error occurred because the judge's response was merely a paraphrase of OCGA § 40-6-73 and because the response was authorized by the evidence. We agree and affirm. The trial court did not express an opinion as to what had or had not been proved by the evidence. Specifically, the trial court carefully avoided answering the question posed by the juror which called on him to express an opinion as to who had the right-of-way, between appellant and appellee, in the center turn lane where the accident occurred. Under OCGA § 40-6-73, the traffic travelling east and west would have had the right-of-way as to vehicles entering the roadway from private driveways. " '(W)here . . . the evidence demands a finding as to the opinion expressed, there is no cause for reversal. [Cits.]' " *Shore Livestock v. Sanders*, 184 Ga. App. 179 (361 SE2d 50) (1987). Accordingly, we find no error in the trial court's response to the juror.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*William H. Lumpkin*, for appellant.

*Fulcher, Hagler, Reed & Obenshain, Ronald C. Griffeth*, for appellee.