## A03A0874. HAMILTON v. HENDERSON.
### (579 SE2d 58)

PHIPPS, Judge.

Howard Henderson sued Gwen Hamilton for injuries sustained after his motorcycle collided with her car at an intersection. Hamilton appeals final judgment entered in favor of Henderson on a jury verdict. Among other things, Hamilton claims that the trial court erred in granting Henderson's motion for partial directed verdict as to her defense of comparative negligence. Finding no error, we affirm.

At the time of the collision, Henderson was driving his motorcycle south, and Hamilton was driving her car north, on the same highway during clear daylight hours. The highway had six lanes, consisting of four through lanes and two turn lanes. Henderson and Hamilton approached the highway's intersection with another road

---

[6] *Hill v. Lockhart*, 474 U. S. 52, 57 (106 SC 366, 88 LE2d 203) (1985).

at about the same time. Henderson was traveling in the middle southerly lane. He testified that he began to slow down because the traffic light controlling the intersection was red; but, about one-half block before he arrived at the intersection, the light turned green, so he began to accelerate after looking and not seeing any danger ahead. At the same time, however, Hamilton made a left turn into Henderson's lane of traffic, and Henderson's motorcycle struck the right rear side of her car. As a result, Henderson was thrown to the ground and sustained serious injuries. Henderson testified that he remembered swerving his motorcycle to avoid hitting Hamilton's car, but that he had no memory of seeing the car before it turned into his lane, of striking the car, or of falling to the pavement. Hamilton testified that before entering the intersection she moved into the northerly left-hand turn lane, stopped and looked for oncoming traffic, and then made a left turn without seeing the approaching motorcycle.

In her initial responsive pleadings, Hamilton admitted that she had been negligent per se in failing to yield the right of way to Henderson and that the collision had resulted from her negligence. After Henderson was deposed during discovery, Hamilton amended her pleadings to assert that negligence by Henderson was a contributory cause of the collision.

At trial, Henderson's counsel remarked during his opening statement that Hamilton had admitted that her negligence was the sole cause of the accident until she amended her answer shortly before trial. After counsel finished his opening statement, Hamilton's attorney objected to opposing counsel's remark and asked the court to either declare a mistrial or give a curative instruction to the jury. The court reserved ruling on the matter, but later determined that the remark was improper.[1] Hamilton then renewed her request for a mistrial. The court concluded that, under the circumstances, a curative instruction alerting the jury to the irrelevancy of the timing of the filing of the amended answer would be adequate to remove any prejudice.

The court later granted Henderson's motion for partial directed verdict on the issue of comparative negligence, finding no evidence of negligence by him. The jury returned a $75,000 verdict in favor of Henderson.

1. In primary reliance on *Kirkland v. Moore*,[2] Hamilton contends that Henderson was not entitled to a partial directed verdict on the

---

[1] See *Turner v. W. E. Pruett Co.*, 202 Ga. App. 287, 288 (2) (414 SE2d 248) (1991).

[2] 128 Ga. App. 34 (195 SE2d 667) (1973).

issue of his own negligence. Citing *Kicklighter v. Jones*,[3] Henderson argues otherwise.

*Kirkland* was another case involving an intersection collision between an automobile driven by the defendant and a motorcycle driven by the plaintiff. A stop sign at the intersection gave the plaintiff the right of way. But the defendant testified that he came to a complete stop at the stop sign, looked both ways, and then proceeded cautiously into the intersection without seeing the motorcycle; and there was evidence that the plaintiff was speeding and took his eye off the road after observing defendant's vehicle approach the intersection. The jury returned a verdict for the defendant. Citing such cases as *Laseter v. Clark*[4] and *Currey v. Claxton*,[5] this court in a divided opinion affirmed.

> [I]n *Laseter v. Clark*, [supra], it was held: "The driver of an automobile having the right of way at a highway intersection is not freed by such rule from all duty to exercise ordinary care, and he may not himself violate a speed statute or ordinance." . . . [I]n *Currey v. Claxton*, [supra,] it was held: "But even if the [other] driver . . . is guilty of negligence per se or has otherwise failed to exercise ordinary care in approaching the intersection, this will not relieve the driver having the right of way of his own legal duty to exercise ordinary care under the facts and circumstances of the situation. It is his duty to exercise ordinary care, to remain alert in observing the vehicles approaching the crossing, and to exercise ordinary care in the control, speed and movements of his car to avoid a collision, after he sees or by ordinary diligence could have seen that one is threatened or imminent."[6]

In line with *Kirkland*, *Gaffron v. MARTA*[7] held that a pedestrian who was familiar with the dangerous nature of an intersection was not entitled to assume that a motorist would yield the right of way. Similarly, in *Duckwitz v. Manor*,[8] a bicyclist was not entitled to assume that a motorist would yield the right of way where the bicyclist knew that the sun obscured the motorist's vision at the time in question.

*Kicklighter v. Jones*[9] was an intersection collision between two

---

[3] 202 Ga. App. 654 (415 SE2d 302) (1992).
[4] 54 Ga. App. 669 (3) (189 SE 265) (1936).
[5] 123 Ga. App. 681 (1) (182 SE2d 136) (1971).
[6] *Kirkland v. Moore*, supra at 36-37.
[7] 229 Ga. App. 426, 427 (1) (494 SE2d 54) (1997).
[8] 238 Ga. App. 545 (519 SE2d 483) (1999) (physical precedent only).
[9] Supra.

automobiles. The plaintiff had a stop sign, and the defendant had the right of way. Apparently, the plaintiff charged the defendant with negligence because she did not slow down after seeing that the plaintiff was also approaching the intersection. There was, however, no evidence that the defendant was not proceeding at a reasonable speed or that, in the exercise of ordinary care, she could have avoided the collision after she saw or should have seen that the plaintiff had entered the intersection. Accordingly, this court affirmed the trial court's grant of the defendant's motion for directed verdict. In support of its decision, the court cited cases such as *Meeks v. Johnson*,[10] which held that "[a] driver having the right of way at an intersection has the right to assume that others will obey the rule of the road and will yield the right of way to him, and he has the right to proceed at a reasonable speed even though he sees another vehicle approaching."[11]

This case is more akin to *Kicklighter* than to *Kirkland*. Henderson testified without contradiction that he slowed down before crossing the intersection and accelerated through it only after observing no danger. There is no evidence he was speeding[12] or that there was any particular hazard attendant to this intersection of which he was aware. Although Henderson testified that he did not remember seeing Hamilton's car before striking it, if he had seen it, he would have been entitled to assume that Hamilton would not pull her car into his lane until he had passed. Moreover, Henderson did not explain why he did not remember seeing Hamilton's car. It could have been that he took his eyes off the road; on the other hand, the trauma of his injuries could have clouded his memory. Henderson's unexplained admission that he did not remember seeing the car is insufficient to support an inference that he was not maintaining a proper lookout.[13]

2. Hamilton claims that the improper remark by Henderson's counsel concerning the timing of the assertion of her defense of comparative negligence was so prejudicial that no corrective action by the trial court could eradicate its effect on the jury. In view of our holding in Division 1, this claim of error is without merit or moot.

---

[10] 112 Ga. App. 760 (146 SE2d 121) (1965).

[11] (Citations omitted.) Id. at 764.

[12] See OCGA § 40-6-180 (prohibiting any person from driving a vehicle "at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing," and, "[c]onsistently with the foregoing," requiring every person to "drive at a reasonable and prudent speed when approaching and crossing an intersection").

[13] See *Page v. Atlanta Center Ltd.*, 219 Ga. App. 422, 424 (465 SE2d 456) (1995) (when a party is relying on inferences to prove a point, not only must those inferences tend in some proximate degree to establish the conclusion sought, but must also render less probable all inconsistent conclusions); *Cohen v. Hartlage*, 179 Ga. App. 847, 851 (348 SE2d 331) (1986) (an inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 24, 2003 —
RECONSIDERATION DENIED MARCH 11, 2003 —

*Barrow & Sims, R. Stephen Sims*, for appellant.
*Killian & Boyd, Robert P. Killian*, for appellee.