## A06A1901. HITE v. ANDERSON.

(643 SE2d 550)

ELLINGTON, Judge.

Michael Anderson brought suit against Mary Ann Hite in the State Court of Fulton County, seeking to recover damages for injuries he sustained when the car Hite was driving hit him while he was riding a bicycle. The trial court granted Anderson's motion for partial summary judgment on the issue of Hite's liability. Hite appeals, contending jury issues remain on the issues of whether she was negligent and whether Anderson was contributorily negligent. For the following reasons, we reverse.

> On appeal from the grant of summary judgment [the appellate court] conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation and punctuation omitted.) *Munroe v. Universal Health Svcs.*, 277 Ga. 861, 864-865 (2) (596 SE2d 604) (2004).

Viewed in the light most favorable to Hite, the record shows the following undisputed facts. The collision occurred at approximately 2:30 p.m. on May 8, 2002, a clear day, on Cobb Parkway between Cumberland Boulevard and Paces Mill Road. At that point, Cobb Parkway has two lanes of travel in each direction and a central reversible turn lane. Hite was driving northbound on Cobb Parkway and stopped in the turn lane to turn left into a grocery store parking lot. Anderson was riding his bicycle southbound near the curb of the right lane. Before starting her turn, Hite looked for oncoming (southbound) traffic. Seeing none, she pulled across the southbound lanes. As she reached the parking lot entrance, she was "looking into the turn" and not at the southbound lanes of Cobb Parkway. Her car hit the side of Anderson's bicycle as he crossed the parking lot entrance. Hite did not see Anderson on his bicycle until just prior to impact when he was no more than a few feet from her front bumper. Hite deposed that Anderson "came from nowhere." She was not sure of her speed just before she saw Anderson's bicycle, although she deposed

that it was "not like [she was] swerving to miss traffic" and guessed she was going 15-20 miles per hour.

Meanwhile, Anderson was looking "straight ahead" in his direction of travel and was looking "at everything that [was] crossing [his] path," including traffic which might turn into his path. On the other hand, he did not "pay attention to how [cars] were turning into" the grocery store parking lot. He did not see Hite's vehicle in the turn lane or as it crossed the southbound lanes or as it approached his left side. He could not estimate his speed at the time of the collision but was traveling downhill in his bicycle's highest gear.

The responding officer cited Hite for failure to yield the right of way when turning left, OCGA § 40-6-71. Hite "paid the fine" without appearing in court.

In its order granting Anderson's motion for partial summary judgment, the trial court concluded Hite "is negligent and liable for the collision that occurred."

Hite contends the undisputed facts do not demand a finding that she was negligent. We agree. Georgia law required Hite, as a driver of a vehicle intending to turn to the left into a driveway, to "yield the right of way to any vehicle approaching from the opposite direction" which was in her intended path "or so close thereto as to constitute an immediate hazard." OCGA § 40-6-71.[1] While it is undisputed that Hite "paid the fine" for failure to yield without appearing in court, the record does not establish that Hite pled guilty to the violation, either by forfeiting a cash bond or otherwise.[2] Where a driver simply pays a fine after pleading not guilty on a citation, pleads nolo contendere, or is adjudicated guilty by a traffic court after pleading not guilty, such payment does not constitute an explicit voluntary admission of guilt which will establish negligence per se. See *Waszczak v. City of Warner Robins*, 221 Ga. App. 528, 529-530 (1) (471 SE2d 572) (1996) (the fact that, after pleading not guilty to failure to yield, defendant chose to pay a fine rather than appear in court did not constitute a voluntary admission of guilt). Therefore, the record does not establish as a matter of law that Hite was negligent per se. Cf. *The Pep Boys — Manny, Moe & Jack, Inc. v. Yahyapour*, 279 Ga. App. 674, 675 (3) (632

---

[1] See OCGA § 40-1-1 (75) ("Vehicle," subject to traffic laws, "means every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks."); *Casteel v. Anderson*, 89 Ga. App. 68, 73-74 (3) (78 SE2d 831) (1953) (a bicycle is a vehicle, as defined by the Code, subject to traffic rules applicable to any other operator of a vehicle).

[2] See OCGA § 40-13-58 ("Where a defendant cited for a traffic violation posts a cash bond according to the schedule set up by court order and fails to appear in court at the term of court and on the day set in the original citation and complaint, then and in that event, such failure shall be construed as an admission of guilt and the cash bond may be forfeited.").

SE2d 385) (2006) (where cash bond is forfeited under OCGA § 40-13-58, plaintiff has established negligence per se in the violation of a statute, which is a prima facie showing of negligence; in a civil case such admission of guilt is conclusive if unrebutted).

Furthermore, "[n]egligence per se is not liability per se." *Humphreys v. Kipfmiller*, 237 Ga. App. 572, 575 (515 SE2d 878) (1999). Even where a plaintiff establishes negligence per se, a defendant is not necessarily liable as a matter of law but bears the burden of showing "that the violation was unintentional and in the exercise of ordinary care." (Citation and punctuation omitted.) *Roberts v. Ledbetter*, 218 Ga. App. 860 (1) (463 SE2d 533) (1995). And "even when negligence per se is shown, the plaintiff must still prove proximate cause and actual damage in order to recover[,] . . . [a]nd it is generally a jury question as to whether or not such negligence proximately caused the injury." (Citation omitted.) *Duncan v. Randolph*, 236 Ga. App. 566, 567 (512 SE2d 688) (1999).

Contrary to Anderson's position, the evidence does not demand a finding that Hite "negligently failed to look for on-coming traffic and had the last clear chance to avoid the collision." It is undisputed in this case that Hite looked for oncoming traffic before beginning her turn and did not see Anderson, or any other traffic, approaching from the opposite direction. Whether Hite was negligent when she pulled across the southbound lanes is a question for the finder of fact. See *Dubberly v. Cooper*, 258 Ga. App. 193, 194 (573 SE2d 442) (2002) (approving jury instruction that jury could find defendant had not violated OCGA § 40-6-71 if it found that defendant, after stopping and carefully looking, could not have seen the plaintiff's oncoming vehicle as defendant proceeded across oncoming lane).

For his part, although Anderson on his bicycle may have had the right of way and the resulting right to assume that other vehicles would obey the rules of the road and yield to him, he nonetheless had a legal duty to exercise ordinary care under the facts and circumstances of the situation. *Hamilton v. Henderson*, 260 Ga. App. 132, 134 (1) (579 SE2d 58) (2003); *Gibson v. Carter*, 248 Ga. App. 280, 282-283 (2) (545 SE2d 698) (2001); *Brown v. Shiver*, 183 Ga. App. 207, 208 (1) (358 SE2d 862) (1987). Even an operator of a vehicle having the right of way has a duty to maintain a proper lookout, to remain alert in observing approaching vehicles, and to exercise ordinary care in the control, speed and movements of his or her vehicle to avoid a collision if by ordinary diligence he or she could have seen that one was threatened or imminent. *Hamilton v. Henderson*, 260 Ga. App. at 134 (1); *Gibson v. Carter*, 248 Ga. App. at 282-283; *Sanders v. Moore*, 240 Ga. App. 730 (1) (524 SE2d 780) (1999). See also OCGA § 51-11-7 (doctrine of avoidable consequences); *Gaffron v. MARTA*, 229 Ga. App. 426, 428-430 (1) (494 SE2d 54) (1997) (although rules of the road

required driver to yield right of way to pedestrian, a jury issue existed regarding whether pedestrian maintained a diligent lookout for vehicles upon entering the crosswalk and otherwise exercised due care for her own safety). It is undisputed that Anderson did not see Hite crossing the southbound lanes on a collision course with him. Whether Anderson was negligent in failing to observe that Hite was turning in front of him and to control the speed and movements of his bicycle to avoid the collision is a question for the jury.

> Negligence is not susceptible to summary adjudication except where the evidence is plain, palpable, and indisputable that the respondent cannot present any slight evidence on each essential element of the action in rebuttal to create a jury issue. See generally *Robinson v. Kroger Co.*, 268 Ga. 735, 745-748 (2) (493 SE2d 403) (1997).

*Moore v. Pitt-DesMoines, Inc.*, 245 Ga. App. 676, 680 (538 SE2d 155) (2000).

As a result, the trial court erred in granting Anderson's motion for partial summary judgment on the issue of Hite's liability. *Moore v. Pitt-DesMoines, Inc.*, 245 Ga. App. at 679-681; *Vaughan v. Glymph*, 241 Ga. App. 346, 348 (526 SE2d 357) (1999).

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

DECIDED MARCH 13, 2007.

*Jean F. Johnson, Thomas J. Pavloff*, for appellant.
*Stanley M. Lefco*, for appellee.